IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| ALICIA LANGFORD, | ) | Cause No. CV-19-11-BLG-SPW-TJC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **PROTECTIVE ORDER** |
| | ) | |
| AMERICAN NATIONAL | ) | |
| INSURANCE SERVICE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Upon motion of Defendant, and good cause shown, this Court enters the following Protective Order to govern the discovery and protection of confidential proprietary information, trade secret, and/or commercial information, the disclosure of which would be harmful to American National's business interests and would allow American National's competitors to unfairly gain competitive advantage over American National. The documents protected under the Protective Order are limited to American National's training manuals and training materials,

1

which American National reasonably believes constitute confidential, trade secret information and which are identified as Bates Nos. American National 000512-001051.

1. This Protective Order governs the access to, use, and distribution of information designated as "Confidential" in this litigation. For purposes of this Protective Order, "information" or "materials" includes documents, things, pleadings, discovery responses, deposition testimony, and all other discovery materials. American National has specifically identified Bates No. American National 000512-001051 as confidential, trade secret materials. The disclosure of these proprietary materials would be harmful to American National's business interests.

2. This Protective Order shall also govern all discovery materials and/or papers filed with the Court in this case which include or make reference to any information designated as "Confidential" by a party. This Protective Order shall also govern all information derived from such documents, including excerpts or summaries of the "Confidential" documents.

3. All "Confidential" information shall be treated as confidential during and throughout the pendency of this action. Confidential information shall be used by the non-producing party solely for the purposes of this litigation and not for any

other purpose. Control and distribution shall be the responsibility of the attorneys of record.

    4.    The parties shall not disclose information derived from such Confidential information to any person except as provided in this Protective Order. Confidential materials and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purposes of conducting this litigation:

    (a)    The parties, their counsel, and counsel's employees;

    (b)    Any person retained by counsel representing the parties to assist in the preparation of trial of this litigation, including experts and paralegals;

    (c)    Employees or representatives of American National Property and Casualty Company and its affiliates;

    (d)    Deposition reporters;

    (e)    Consulting attorneys or staff employed by counsel of record; and

    (f)    Other persons as the parties jointly agree or as the Court may order upon motion by either party.

Court personnel are not subject to this Protective Order while engaged in the

performance of their official duties.

5. Each person to whom disclosure of Confidential documents and information is permitted by the parties pursuant to paragraph 4 above shall be shown a copy of this Protective Order and shall execute an acknowledgment in writing that he or she has received a copy of this Protective Order and is familiar with the provisions of it, and all such persons shall:

(a) Be bound thereby;

(b) Not use any document or information for any purpose other than in connection with the prosecution of this action;

(c) Not reveal such document or information to any person other than a person who has received a copy of this Agreement and is subject to its provisions; and

(d) Certify that all documents subject to this Protective Order shall be destroyed at the conclusion of this litigation, except for one copy as necessary to maintain the integrity of the file. Recipients of documents covered by this Protective Order shall be bound by the terms hereof so long as each person/persons are in possession of such documents.

6. Before any party files a motion or other document with the Court that

would reveal any portion of the contents of the Confidential information, such party shall provide at least ten (10) days written notice of such filing, detailing by Bates range the precise documents or information to be filed.  If the party designating the documents or information as Confidential files a motion to seal some or all of the documents or information within ten (10) days of such written notice, the motion or document at issue shall not be filed pending further order of the Court.

      7.     The admissibility, confidentiality, and use of all Confidential information at trial shall be subject to the orders of the Court.

      8.     A party producing or disclosing information pursuant to this Protective Order shall follow the procedures set forth below:

          (a)     With respect to documents, the copy of the document, when produced, shall bear the clear and legible designation "Confidential" on each page produced subject to this Protective Order.

          (b)     With respect to answers to interrogatories or requests for admissions, the specific responses containing "Confidential" information shall be clearly marked.

          (c)     With respect to any deposition, such treatment may be invoked

by: (1) declaring the same on the record at the deposition and, thereafter, by designating the specific portions of testimony as "Confidential" within thirty (30) days of the receipt of the transcript of the deposition in which the designations are made; or (2) designating specific portions of testimony as "Confidential" and serving such designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made.  The entirety of all deposition transcripts shall be treated as "Confidential" for the thirty (30) day period following receipt of the transcript.

(d) If information covered by this Protective Order is inadvertently produced without the designation "Confidential," a party may nevertheless timely assert the confidentiality of the information upon learning of the inadvertent disclosure by providing written notice of such to all parties.  The parties agree that the same protocol will apply to the inadvertent production of privileged documents and/or materials as well, and, upon receiving written notice from the designating party, all inadvertently produced privileged material will either be returned or destroyed, as

instructed by the written notice.

9. If a party or counsel for a party disputes whether a document or other material produced pursuant to this Protective Order should be marked "Confidential," the challenging party shall notify the producing party within 30 days of the production of confidential document. Counsel for the parties shall attempt to resolve any dispute between them. If they are unsuccessful, the party or counsel who has identified the document or information as "Confidential" shall file an appropriate motion with the Court. Any document so marked as "Confidential" will continue to be treated as such pending determination by the Court as to its confidential status.

10. In the event that a party is requested or required (by oral questions, interrogatories, requests for information or documents in legal proceedings, subpoena, civil investigative demand or other similar process or by applicable laws, rules or regulations) to disclose any information designated "Confidential," the party shall provide all other parties with prompt written notice of the request or requirement within fourteen (14) days of receipt of the same, so that the other parties may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Protective Order. If, in the absence of a protective order or other remedy or the receipt of a waiver by the other parties, the

7

party is legally compelled to disclose "Confidential" information, the party may, without risk of liability hereunder, disclose that portion of the "Confidential" information that he/she is legally required to disclose, provided that timely written notice of the request or requirement has been made within fourteen (14) days of receipt of the same to the other parties.

11. Sanctions may be granted by the Court for improper use or dissemination of any information produced subject to this Protective Order. Sanctions may be imposed by the Court on its own motion or on motion by a party.

12. Prior to receipt of documents covered by this Protective Order, individuals covered by Paragraph 4 to whom disclosure may be made shall certify that all documents subject to this Protective Order shall be destroyed at the conclusion of this litigation, except as necessary to maintain the integrity of the file pursuant to paragraph 5(d). Recipients of documents covered by this Protective Order shall be bound by the terms hereof so long as each person/persons are in possession of such documents, and, when destroyed, shall take care to destroy the documents in accordance with the intent and purpose of this Protective Order. Notwithstanding the foregoing, latent data such as deleted files, and other non-logical data types, such as memory dumps, swap files, temporary files, printer spool files, and metadata that can only be retrieved by computer forensics experts

and is generally considered inaccessible without the use of specialized tools and techniques, will not be within the requirements for return or destruction of Confidential information as set forth by this provision.

DATED this 25th day of April, 2019.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge